## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 27, 2003

The Honorable Ed C. Jones
Angelina County Attorney
P.O. Box 1845
Lufkin, Texas 75902-1845

Opinion No. GA-0077

Re: Whether a member of the board of directors of a water control and improvement district may simultaneously serve as an employee of that district (RQ-0012-GA)

Dear Mr. Jones:

You ask whether a member of the board of directors of a water control and improvement district may simultaneously serve as an employee of that district.

You indicate that the Central Water Control and Improvement District (the "District"), which is located entirely within Angelina County, has "operated since 1963 as a water control and improvement district" under chapter 49 of the Water Code.[1] A district organized under chapter 49 is "governed by its board, the number of which is otherwise provided by law." TEX. WATER CODE ANN. § 49.051 (Vernon 2000). The board "may employ or contract with a person to perform such services as general manager for the district as the board may from time to time specify. The board may delegate to the general manager full authority to manage and operate the affairs of the district . . . ." *Id.* § 49.056(a). "The board may delegate to the general manager the authority to employ all persons necessary for the proper handling of the business and operation of the district and to determine the compensation to be paid all employees other than the general manager." *Id.* § 49.056(b). Section 49.056(c) provides that, except as prohibited by section 49.052, which governs conflict of interest by directors, "a director may be employed as general manager of the district," although "the compensation of a general manager who also serves as a director shall be established by the other directors." *Id.* § 49.056(c).

You state that one member of the board of directors "has for some time been paid as a part-time employee of the District, sometimes working up to (40) hours a week." Request Letter, *supra* note 1, at 1. Presumably, this individual is not employed as general manager of the District, and thus his employment is not specifically authorized by chapter 49 of the Water Code. You ask whether

---

[1]Letter from Honorable Ed. C. Jones, Angelina County Attorney, to Honorable Greg Abbott, Texas Attorney General at 1 (Jan. 13, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

that individual may serve at the same time in both capacities – as a member of the District's board of directors and as a part-time employee of the District. *See id.* at 1-2.

The common-law doctrine of incompatibility bars an individual from simultaneously holding two positions when "the performance of the duties of one interferes with the performance of those of the other." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 930 (Tex. Crim. App. 1994). The doctrine of incompatibility involves three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. Nos. GA-0015 (2003), JC-0199 (2000), JM-1266 (1990). The first is derived from the Texas Supreme Court's decision in *Ehlinger v. Clark*, 8 S.W.2d 666 (Tex. 1928), in which the court declared:

> It is because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint.

*Id.* at 674.

"'Self-employment' incompatibility is a corollary to the 'self-appointment' doctrine." Tex. Att'y Gen. Op. No. GA-0015 (2003) at 1. This aspect of incompatibility was first applied in Texas in Attorney General Letter Advisory 114 (1975), which considered whether a public school teacher was eligible to serve as a member of the board of trustees of the district in which she was employed as a teacher. On the basis of *Ehlinger* and out-of-state authority, the opinion concluded that the "positions of public school teacher for an independent school district and trustee for the same district are legally incompatible and cannot be simultaneously occupied by the same person." Tex. Att'y Gen. LA-114 (1975).

Since 1975, this office has periodically addressed the issue of self-employment incompatibility. A municipal employee may not, for example, serve as commissioner for that city. *See* Tex. Att'y Gen. LO-97-034. A city manager may not serve as police chief if, as city manager, he or she has supervisory authority over the chief. *See* Tex. Att'y Gen. LO-89-002. A chief appraiser may not also be a member of the appraisal district board. *See* Tex. Att'y Gen. LO-90-045. And the chair of the Public Utility Commission may not be appointed as acting executive director, because a statute makes the executive director the commission's employee. *See* Tex. Att'y Gen. LO-89-057.

Attorney General Opinion JC-0371 (2001) considered whether a school district trustee was permitted "'to serve as a volunteer, unpaid, part-time history teacher [in his district] . . . for one period a day . . . for a single semester.'" Tex. Att'y Gen. Op. No. JC-0371 (2001) at 1. In holding that the trustee was prohibited from doing so by self-employment incompatibility, the opinion indicated that the fundamental test under this aspect of the doctrine was one of supervision. *Id.* at 3. In the situation you pose, the board member, under the terms of the statute, has supervisory authority over the general manager of the District, who in turn supervises the board member as a

part-time employee. *See* Request Letter, *supra* note 1, at 1. Although the self-employment aspect of the common-law doctrine of incompatibility would clearly prohibit a member of the District's board of directors from serving as an employee of the District, other than its general manager, it might be argued that the authority of a board member to serve as general manager requires that a board member also be permitted to be employed by the District in some other capacity.

Section 49.056(c) of the Water Code, which authorizes a member of the board of directors of a water control and improvement district to serve as its general manager, was first enacted in 1995, as part of the adoption of chapter 49 of the Water Code. *See* Act of May 25, 1995, 74th Leg., R.S., ch. 715, § 2, 1995 Tex. Gen. Laws 3755, 3758. The bill that adopted this provision declares that "[t]he Code Construction Act (Chapter 311, Government Code) applies to the construction of each provision in this code, except as otherwise expressly provided by this code." *Id.* § 1. Section 311.023 provides that, "[i]n construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider," *inter alia*, "common law or former statutory provisions." TEX. GOV'T CODE ANN. § 311.023(4) (Vernon 1998).

In enacting section 49.056(c) of the Water Code, the legislature specifically authorized a District board member to serve as the District's general manager. The statute is silent as to whether a board member may serve as a District employee in any other capacity. Section 49.056(c) is to be construed in harmony with chapter 311 of the Government Code, the Code Construction Act, which permits us to consider whatever common law may bear on the question. *Id.* In light of these circumstances, we must conclude that the legislature did not intend to repeal the common-law doctrine of incompatibility with regard to any District employee other than that of general manager. As a result, a member of the Board of Directors of the Central Water Control and Improvement District of Angelina County is barred from serving as an employee of the District in any capacity other than that of general manager.

## S U M M A R Y

A member of the Board of Directors of the Central Water Control and Improvement District of Angelina County is prohibited from serving as an employee of the District in any capacity other than that of general manager.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee